1     UNITED STATES DISTRICT COURT
2       DISTRICT OF PUERTO RICO

3   RAMALLO BROS. PRINTING, INC.,

4       Plaintiff,

                                        Civil No. 06-1187 (JAF)
5       v.

6   EL DÍA, INC., et al.

7       Defendants.


8                        **OPINION AND ORDER**
9

10          Plaintiff, Ramallo Bros. Printing, Inc., brings the present

11   action against Defendants El Día, Inc., Editorial Primera Hora, Inc.,

12   Advanced Graphic Printing, Inc. ("AGP"), and Carlos Nido for alleged

13   violations of the First Amendment, U.S. Const. amend. I; the Equal

14   Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV;

15   sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1,2 (2006); and

16   several antitrust laws of Puerto Rico, 10 L.P.R.A. §§ 258, 260, 268

17   (2005).  Docket Document Nos. 1, 15, 16.  Plaintiff seeks treble

18   damages for lost profits and injunctive relief enjoining Defendants

19   from (1) making inclusion of corporate advertising supplements in

20   Defendants' newspapers contingent on an advertiser's use of AGP's

21   printing services to produce the supplements; and (2) discriminating

22   against Plaintiff by requiring it to comply with this policy.  See

23   Docket Document Nos. 1, 15, 16.  Defendants have moved to dismiss

24   Plaintiff's claims.  Docket Document No. 20.  For the reasons stated

Civil No. 06-1187 (JAF)                                              -2-

1    below, the court grants Defendants' motion to dismiss Plaintiff's

2    claims with prejudice.

                                  **I.**

                    **Factual and Procedural Summary**

5        We derive the following factual summary from Plaintiff's initial

6    Verified Complaint and its two Supplemental Complaints.  See Docket

7    Document Nos. 1, 15, 16.  As we must, we assume all of Plaintiff's

8    allegations to be true, and we make all reasonable inferences in its

9    favor.  Alternative Energy, Inc. v. St. Paul Fire and Marine Ins.,

10   Co., 267 F.3d 30, 36 (1st Cir. 2001).

11       Plaintiff is a commercial printer that prints, among other

12   things, corporate supplements.  Defendants El Día and Editorial

13   Primera Hora own and publish daily newspapers in Puerto Rico that

14   contain corporate supplements.  El Día owns and prints El Nuevo Día,

15   the leading newspaper in Puerto Rico based on paid circulation and

16   revenues, and also prints Primera Hora, a newspaper owned by

17   Defendant Editorial Primera Hora.  El Día requires all customers

18   whose corporate supplements are included in El Nuevo Día and Primera

19   Hora to have their supplements printed by AGP, a commercial printing

20   company that competes with Plaintiff and other commercial printers

21   ("Defendants' corporate supplement printing policy").

22       Plaintiff first challenged Defendants' corporate supplement

23   printing policy in 2002.  See Ramallo Bros. Printing, Inc. v. El Día,

1   Inc. (Ramallo I), 392 F. Supp. 2d 118 (D.P.R. 2005).  Corporate

2   supplements are a subset of commercial supplements, which are

3   included in Defendants' newspapers.  Id. at 124.  In general,

4   commercial supplements contain both editorial content and display

5   advertising by multiple sponsors; however, corporate supplements have

6   a more specific function in that they usually "focus on a featured

7   business and usually celebrate that business' anniversary or some

8   other special event."  Id.  Corporate supplements "constitute a

9   negligible portion of the advertising and commercial printing

10  business in Puerto Rico" as is illustrated by the fact that, "[f]rom

11  1999 to 2003, El Nuevo Día had about 5,000 commercial inserts, but

12  only 134 corporate supplements."  Id.  Corporate supplements are

13  similar to other sections of the newspaper in that they: (1) are

14  produced and printed entirely in-house by AGP; (2) contain editorial

15  material and advertising; and (3) are paid for by the newspaper from

16  sponsors' advertising revenues.  Id. at 136.

17      On June 3, 2005, we entered summary judgement in favor of

18  Defendants upon finding that: (1) Plaintiff failed to show that

19  Defendants' corporate supplement printing policy violated federal

20  antitrust law; and, moreover, (2) Defendants' "right to control the

21  editorial content and preparation of corporate supplements is . . .

22  protected by the First Amendment."  Id. at 137 (explaining that

23  potential advertisers cannot force a newspaper to print their

Civil No. 06-1187 (JAF)                                          -4-

1    advertisements, nor can they require it to use an outside printer

2    rather than an affiliated company).

3        On February 17, 2006, less than a year after Ramallo I was

4    decided, Plaintiff filed the current action.  Plaintiff sued after

5    Defendant Carlos Nido informed Plaintiff that neither El Nuevo Día

6    nor Primera Hora would insert the supplement that Plaintiff had

7    created to commemorate its fortieth anniversary in the commercial

8    printing business unless Plaintiff agreed to have AGP print it.  In

9    its initial complaint, Plaintiff sought a Temporary Restraining Order

10   and other injunctive relief based on Defendants' alleged First

11   Amendment and Equal Protection violations.  Docket Document No. 1.

12   Defendants moved to dismiss the complaint, asserting that Plaintiff's

13   claims were barred by res judicata, and, alternatively, arguing that

14   Plaintiff failed to state a claim because no state action was alleged

15   and because an injunction ordering Defendants to publish Plaintiff's

16   corporate supplement on Plaintiff's terms would violate Defendants'

17   First Amendment rights.  Docket Document Nos. 8, 14.  Plaintiff

18   opposed, Docket Document Nos. 11, 17, and supplemented its complaint

19   twice, alleging violations of the Sherman Act and Puerto Rico

20   antitrust laws, and seeking treble damages.  Docket Document Nos. 15,

21   16.  Defendants moved to dismiss this second set of claims on similar

22   grounds, arguing that they are barred by res judicata, collateral

23   estoppel, the First Amendment, and because they fail to state a claim

Civil No. 06-1187 (JAF)                                                    -5-

1    under the Sherman Act.  Docket Document No. 20.  Plaintiff opposed

2    shortly thereafter, Docket Document No. 22, and Defendants replied.

3    Docket Document No. 24.

4                                    **II.**

5                          **Motion to Dismiss Standard**

6          While res judicata is ordinarily pleaded as an affirmative

7    defense, FED. R. CIV. P. 8(c), it is fully within the discretion of

8    the district court to permit it to be raised by motion.  Diaz-Buxo v.

9    Trias Monge, 593 F.2d 153, 154 (1st Cir. 1979); see also In re

10   Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

11         Under Federal Rule of Civil Procedure 12(b)(6), a defendant may

12   move to dismiss an action against him based solely on the pleadings

13   for the plaintiff's "failure to state a claim upon which relief can

14   be granted."  FED. R. CIV. P. 12(b)(6).  In assessing a motion to

15   dismiss, "we accept as true the factual averments of the complaint

16   and draw all reasonable inferences therefrom in the plaintiffs'

17   favor."  Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d

18   61, 62 (1st Cir. 2004).  We then determine whether the plaintiff has

19   stated a claim under which relief can be granted.

20         We note that a plaintiff must only satisfy the simple pleading

21   requirements of Federal Rule of Civil Procedure 8(a) in order to

22   survive a motion to dismiss.  Swierkiewicz v. Sorema N.A., 534 U.S.

23   506 (2002); Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 52-53

Civil No. 06-1187 (JAF)                                              -6-

1   (1st Cir. 2003); <u>DM Research, Inc. v. Coll. of Am. Pathologists</u>, 170

2   F.3d 53, 55-56 (1st Cir. 1999).  A plaintiff need only set forth "a

3   short and plain statement of the claim showing that the pleader is

4   entitled to relief," Fed. R. Civ. P. 8(a)(2), and need only give the

5   respondent fair notice of the nature of the claim and petitioner's

6   basis for it.  <u>Swierkiewicz</u>, 534 U.S. at 512-515.  "Given the Federal

7   Rules' simplified standard for pleading, '[a] court may dismiss a

8   complaint only if it is clear that no relief could be granted under

9   any set of facts that could be proved consistent with the

10  allegations.'" <u>Id</u>. at 514 (quoting <u>Hishon v. King & Spalding</u>, 467

11  U.S. 69, 73 (1984)).

12  _____**III.**

13  _____**Analysis**

14       Plaintiff seeks injunctive and monetary relief under the First

15  Amendment, the Equal Protection Clause, the Sherman Act, and Puerto

16  Rico antitrust laws, asserting that Defendants' requirement that

17  Plaintiff's corporate supplement be printed by AGP amounts to a

18  violation of these laws.  <u>Docket Documents Nos. 1, 15, 16</u>.

19  Defendants move to dismiss Plaintiff's claims, asserting that (1) the

20  claims are barred by res judicata and collateral estoppel based on

21  the final judgment in <u>Ramallo I</u>; and, alternatively, (2) an

22  injunction forcing Defendants to publish Plaintiff's corporate

23  supplement would violate their First Amendment rights;

Civil No. 06-1187 (JAF)                                              -7-

1    (3) Plaintiff's constitutional claims fail based on the absence of

2    state action; and (4) its statutory claims fail to meet the required

3    elements of a tying arrangement or an essential facility claim under

4    sections 1 and 2 of the Sherman Act.   Docket Document No. 20, 24.

5    Because we find that res judicata and collateral estoppel apply, we

6    will limit our discussion to Defendants' first set of arguments.

7    **A.   <u>Res Judicata</u>**

8         "Under res judicata, a final judgment on the merits of an action

9    precludes the parties or their privies from relitigating issues that

10   were . . . raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94

11   (1980).  It is well-established that "a cause of action need not be

12   a clone of the earlier cause of action" for claim preclusion to

13   apply. <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d

14   26, 38 (1st Cir. 1998).  Indeed, claims that "could have been raised"

15   in the previous action but were not, are similarly barred.  <u>Allen</u>,

16   449 U.S. at 94.

17        For claim preclusion to apply, the following three elements must

18   be met: (1) sufficient identity between the parties in the earlier

19   and later suits; (2) a final judgment on the merits in the earlier

20   action; and (3) sufficient identity between the causes of action

21   asserted in the two actions. <u>Porn v. Nat'l Grange Mut. Ins. Co.</u>, 93

22   F.3d 31, 34 (1st Cir. 1996).  Because there is no dispute regarding

23   the first two elements, we move to the last element, which requires

Civil No. 06-1187 (JAF)                                               -8-

1    us to determine whether the claims asserted in the current lawsuit

2    are sufficiently identical to those asserted in the previous lawsuit.

3        A comparison of Plaintiff's current complaint with its complaint

4    in Ramallo I reveals that the factual underpinning for both cases is

5    materially identical. Compare Docket Documents Nos. 1, 15, 16, with

6    Ramallo I, No. 02-2400, Docket Document No. 1. Plaintiff alleges in

7    both complaints that Defendants' corporate supplement printing policy

8    is intended to foreclose competition in the printing market, and that

9    it denied Plaintiff and other commercial printers the ability to

10   compete on equal terms in the printing market.  Id.

11       Indeed, the only difference between the factual allegations in

12   these two cases is that Ramallo I focused on the effect that

13   Defendants' policy had on Plaintiff's ability to print supplements

14   for third parties, whereas Plaintiff's current claims challenge the

15   application of Defendants' policy to a corporate supplement that

16   Plaintiff recently printed for itself, rather than a third party.

17   Compare Docket Documents Nos. 1, 15, 16, 22, with Ramallo I, No. 02-

18   2400, Docket Document No. 1.

19       Plaintiff relies on Lawlor v. Nat'l Screen Serv. Corp., 349 U.S.

20   322 (1955), to argue that, although both lawsuits involve essentially

21   the same course of alleged antitrust conduct, res judicata does not

22   apply because its second lawsuit is predicated on facts that post-

23   date the judgment in the first suit; namely, Defendants' recent

Civil No. 06-1187 (JAF)                                                    -9-

1    rejection of Plaintiff's own corporate supplement.[1]  Docket Document

2    No. 22.  However, Plaintiff's reliance on Lawlor is misplaced.  Res

3    judicata applies to a subsequent antitrust lawsuit that attacks a

4    continuing course of allegedly wrongful conduct unless: (1) the

5    plaintiff alleges new antitrust violations that are different in kind

6    from those present in the former action, or (2) there has been a

7    substantial change in the scope of the defendants' alleged monopoly.

8    See Lawlor, 349 U.S. at 328.  The new antitrust violations must be

9    based on "new and distinctive incidents," Havercombe v. Dep't of

10   Educ., 250 F.3d 1, 6 (1st Cir. 2001), that are "legally significant."

11   Waldman v. Village of Kiryas Joel, 207 F.3d 105, 113 (2nd Cir. 2000).

12   Plaintiff's new claims fail to meet this standard.

13        **1.   Lawlor**

14        In Lawlor, the plaintiff had previously filed an antitrust suit

15   against three motion picture producers and their exclusive licensee

16   for the manufacture and distribution of advertising materials.  349

_____

        [1]  Plaintiff, for the first time in its third brief, advances an
additional reason why its second lawsuit should not be precluded.
Docket Document No. 22.  It asserts that Ramallo I focused on the
legality of Defendants' printing policy regarding corporate
supplements, but the supplement that is the focus of the current
lawsuit is not technically a corporate supplement at all as it more
closely resembles a regular shopper insert.  Id.  The court will not
consider this argument because Plaintiff's complaint, which was
supplemented twice, and its previous two briefs, clearly state that
this case is about corporate supplements, and Plaintiff cannot, at
the eleventh hour, recharacterize its supplement as a different type
of insert.  See Docket Document Nos. 1, 11, 15-17.

Civil No. 06-1187 (JAF)                                                      -10-

1   U.S. at 324-25.   The first case was settled after the defendants

2   agreed to provide a sub-license to the plaintiffs and, as such, the

3   court did not make any findings of law or fact.  Id.  The court found

4   that, although the second lawsuit "involved essentially the same

5   course of wrongful conduct" as the previously settled lawsuit, it was

6   not barred because it alleged the following new antitrust violations

7   and changes in the scope of the monopoly: (a) the conspiracy was

8   perpetuated after the settlement agreement had been reached; (b) the

9   licensee tried to destroy the plaintiff's business by making slow and

10  erratic deliveries; (c) the licensee used tie-in sales and other

11  means of exploiting its monopoly power; and (d) five new producers

12  joined the conspiracy.  Id. at 327-28.

13       In contrast to the situation in Lawlor, Plaintiff has not

14  alleged any legally significant facts that constitute a new antitrust

15  violation.  Defendants' corporate supplement policy has not changed

16  since Ramallo I; customers must still have their corporate

17  supplements printed by AGP and this policy continues to be applied to

18  all customers equally.  Compare Docket Document No. 15 (policy

19  applies to all customers), with Ramallo I, No. 02-2400, Docket

20  Document No. 1 (same).  The fact that Defendants' policy is now being

21  applied to a supplement that Plaintiff created for itself, rather

22  than for a third party, does not change the legal analysis that we

23  conducted in Ramallo I, see 392 F. Supp. 2d at 136-37, and Plaintiff

24  has failed to advance any arguments to the contrary.  See Docket

1    Document No. 15.   In Ramallo I, after exhaustive discovery that

2    lasted for over a year, we concluded that Plaintiffs failed to make

3    out the elements of a tying claim, which are: (1) evidence of an

4    anti-competitive effect on the market for the tied product; (2) proof

5    that the corporate supplements and AGP's printing services are

6    separate products, including the existence of a separate demand for

7    the printing of corporate supplements; and (3) a showing that

8    featured businesses were forced into purchasing printing from AGP

9    even though they either did not want to get this service from AGP, or

10   might have preferred to purchase it elsewhere on different terms.

11   392 F. Supp. 2d at 136-37.   Because none of these elements turn on

12   which corporate entity is ultimately featured in the corporate

13   supplement, Plaintiff's new allegations are rendered immaterial.  See

14   id.; see also Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir.

15   1985) (refusing to apply Lawlor because plaintiff "has given [the

16   court] no reason to believe that the legality of the town's actions

17   depends on anything that has happened since the [trial] court

18   dismissed his original suit").

19      Lawlor is also inapposite because Plaintiff has not alleged that

20   the scope of Defendants' monopoly has been enlarged.  Compare Docket

21   Document No. 15 (stating that "[together,] El Nuevo Día (73%) and

22   Primera Hora (2%) control approximately 75% of the delivery market"),

23   with Ramallo I, No. 02-2400, Docket Document No. 1 (same).

24   Plaintiff's only reference to a possible change in the alleged

1   monopoly was in its final brief, in which it proclaimed that

2   "Defendants took additional steps to target more of Ramallo's

3   clients, offering them 'Group Contracts' that illegally tie several

4   services provided by Defendants into one single package." <u>Docket</u>

5   <u>Document No. 22</u>. However, we will not reach this point. Plaintiff

6   not only raises this alleged market change for the first time in its

7   third brief, but, more importantly, does so in a perfunctory manner

8   that fails to explain how this alleged change relates to Plaintiff's

9   current tying claim regarding corporate supplements. <u>See</u> <u>Docket</u>

10  <u>Document Nos. 1, 11, 15-17, 22</u>. In this Circuit, "it is not enough

11  merely to mention a possible argument in the most skeletal way,

12  leaving the court to do counsel's work, create the ossature for the

13  argument, and put flesh on its bones." <u>Hernandez v. Smith Kline</u>

14  <u>Beecham Pharm.</u>, No. 02-2750, 2005 U.S. Dist. LEXIS 27995, at *17

15  (D.P.R. Oct. 31, 2005) (quoting <u>United States v. Zannino</u>, 895 F.2d 1,

16  17 (1st Cir. 1990)); <u>see also</u> <u>United States v. Figueroa-Encarnacion</u>,

17  343 F.3d 23, 30 (1st Cir. 2003).

18      Ultimately, <u>Lawlor</u> cannot apply because Plaintiff has not

19  alleged any "broadening of [Defendants'] pattern of conduct." <u>See</u>

20  <u>Walsh v. Int'l Longshoremen's Ass'n</u>, 630 F.2d 864, 873 (1st Cir.

21  1980) (expressing "serious doubt" that <u>Lawlor</u> applied to plaintiff's

22  claims even though the allegations post-dated the previous lawsuit

23  because plaintiff did not allege any significant changes in the

24  defendants' conduct). Thus, Plaintiff's argument fails.

1        **2.  Plaintiff's New Legal Theories**

2        Plaintiff further argues that res judicata does not apply

3   because it has alleged new legal theories that were not raised in

4   Ramallo I.  Docket Document No. 22.  This is the first time that

5   Plaintiff has advanced constitutional claims under the First and

6   Fourteenth Amendments, as well as an "essential facility" claim under

7   sections 1 and 2 of the Sherman Act.  See Docket Document Nos. 1, 15,

8   16.  However, Plaintiff's argument fails in light of the cardinal

9   rule that a litigant cannot avoid the effects of res judicata by

10  splitting its claim into various suits, based on different legal

11  theories.  See Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st

12  Cir. 2005).  Accordingly, we conclude that res judicata precludes

13  Plaintiff's current claims.

14  **B.  Collateral Estoppel**

15       Alternatively, even if res judicata does not apply,[2] collateral

16  estoppel bars Plaintiff's claims.  As the First Circuit explained,

17  "[t]he principle of collateral estoppel, or issue preclusion, . . .

18  bars relitigation of any factual or legal issue that was actually

19  decided in previous litigation between the parties, whether on the

20  same or a different claim."  Keystone Shipping Co. v. New England

_____

[2]  The First Circuit has stated that it is somewhat hesitant to apply res judicata to cases involving ongoing wrongful conduct.  See Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 2 (1st Cir. 1983) (noting ambiguity surrounding the application of res judicata to situations of continuous wrongful conduct, and preferring instead to apply collateral estoppel).

Civil No. 06-1187 (JAF)                                                -14-

1    Power Co., 109 F.3d 46, 51 (1st Cir. 1997) (internal quotations

2    omitted).   For collateral estoppel to apply, the issue must have

3    been: (1) raised in a previous lawsuit involving the same parties;

4    (2)"actually litigated"; (3) "determined by a valid and binding final

5    judgment"; and (4) "essential to the judgment."   Id.

6         Defendants correctly argue that each of these elements is met in

7    the instant case.  In Ramallo I, Plaintiff challenged the legality of

8    Defendants' corporate supplement printing policy and the issue was

9    fully litigated.  See 392 F. Supp. 2d at 136-37.  We entered summary

10   judgment in Defendants' favor, finding that Plaintiff failed to

11   satisfy the elements of a tying claim.  Id. at 128, 136-37.  As such,

12   the determination of the legality of Defendants' policy was essential

13   to the judgment.  Id. at 137.

14        Plaintiff asserts that it is not relitigating the legality of

15   the Defendants' corporate supplement printing policy; rather,

16   Plaintiff is challenging the specific application of Defendants'

17   policy to a supplement that Plaintiff recently printed to commemorate

18   its fortieth anniversary in the commercial printing business.  Docket

19   Document No. 22.  However, as previously stated, this new fact –

20   Defendants' rejection of Plaintiff's own supplement - is not legally

21   significant.  See Ramallo I, 392 F. Supp. 2d at 136-37.  Plaintiff's

22   current claims are nothing more than a second challenge to

23   Defendants' overall corporate supplement printing policy.  See

24   Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 2 (1st Cir.

Civil No. 06-1187 (JAF)                                                -15-

1    1983) (finding that collateral estoppel applied to the second suit

2    even though the new facts post-dated the allegations in the first

3    suit because the new facts were not materially different).  Moreover,

4    as with res judicata, collateral estoppel still applies, although

5    Plaintiff has advanced several new legal theories challenging

6    Defendants' corporate supplement printing policy.  Pignons, 701 F.2d

7    at 2 (explaining that new legal theories cannot be used to circumvent

8    collateral estoppel because "one opportunity to litigate an issue

9    fully and fairly is enough"); see also Allen v. McCurry, 449 U.S. 90,

10   94 (1980) ("[O]nce a court has decided an issue of fact or law

11   necessary to its judgment, that decision may preclude relitigation of

12   the issue in a suit on a different cause of action involving a party

13   to the first case.")

14       Accordingly, we find that Plaintiff's current claims are barred

15   by collateral estoppel as well.

16   **C.   Rule 11 Sanctions**

17       Rule 11, subdivision (b), states:

18               By presenting to the court . . . a pleading,
19               written motion, or other paper, an attorney
20               . . . is certifying that to the best of the
21               person's knowledge, information and belief,
22               formed after an inquiry reasonable under the
23               circumstances . . . [that] it is not being
24               presented for any improper purpose . . . [and
25               that] the claims . . . therein are warranted by
26               existing law or by a nonfrivolous argument for
27               the extension, modification, or reversal of
28               existing law.

1    FED. R. CIV. P. 11(b).  Attorneys, law firms, or parties that violate

2    Rule 11 may face sanctions.  FED. R. CIV. P. 11(c).  A motion for

3    sanctions must be filed "separately from other motions or requests

4    and shall describe the specific conduct alleged to violate [the

5    rule]."  FED. R. CIV. P. 11(c)(1)(A).  In addition, Rule 11 contains

6    a safe harbor provision that requires movants to first serve the

7    opposing counsel or party with the motion for sanctions, and only

8    file such motion with the court if, "within 21 days after service of

9    the motion . . . the challenged paper, claim, defense, contention,

10   allegation, or denial is not withdrawn or appropriately corrected."

11   Id.

12       Although Defendants may have a valid claim for sanctions,[3] they

13   failed to file an appropriate motion in accordance with the

14   procedures specified in Rule 11.  Instead of serving Plaintiff with

15   a separate motion and then filing it twenty-one days later with the

16   court, Defendants merely inserted their request for sanctions in a

17   brief.  See Docket Document No. 20.  Because Defendants failed to

18   comply with the safe harbor provision in Rule 11, we deny their

19   request for sanctions.  See Esso Standard Oil Co. v. Rodriguez Perez,

20   No. 01-2012, 2005 U.S. Dist. LEXIS 818, at *33 (D.P.R. Jan. 20, 2005)

21   ("[Defendants'] failure to comply with the safe harbor provision

---

[3] See McLaughlin v. Bradlee, 602 F. Supp. 1412, 1417 (D.D.C. 1985) ("It is especially appropriate to impose sanctions in situations where the doctrines of res judicata and collateral estoppel plainly preclude relitigation of the suit.").

Civil No. 06-1187 (JAF)                                                -17-

1   alone justifies denial of the motion for sanctions."); <u>see also</u>

2   <u>Martins v. Charles Hayden Goodwill Inn Sch.</u>, No. 94-11769, 1997 U.S.

3   Dist. LEXIS 22618, at *10-11 (D. Mass. July 14, 1997)(same).

4                                 **IV.**

5                             <u>**Conclusion**</u>

6          In accordance with the foregoing, we **GRANT** Defendants' motion,

7   <u>Docket Document No. 20</u>, and **DISMISS WITH PREJUDICE** Plaintiffs'

8   complaint in its entirety for failure to state a claim, pursuant to

9   FED. R. CIV. P. 12(b)(6).  In addition, Defendants' request for Rule

10  11 sanctions, including attorneys' fees, <u>Docket Document No. 20</u>, is

11  **DENIED.** Judgment shall be entered accordingly.

12          **IT IS SO ORDERED.**

13          San Juan, Puerto Rico, this 28th day of August, 2006.

14                                      S/José Antonio Fusté
15                                      JOSE ANTONIO FUSTE
16                                      Chief U. S. District Judge